THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LISA BRISTER,<br>        **Plaintiff**<br>v.<br><br>EMPLOYMENT OPPORTUNITY &<br>TRAINING CENTER OF<br>NORTHEASTERN PENNSYLVANIA<br>INC., d/b/a OUTREACH CENTER FOR<br>COMMUNITY RESOURCES, RENEE<br>ARLEDGE, LIZ RATCHFORD,<br>and LINDA CIAMPI,<br><br>        **Defendants.** | 3:22-CV-2047<br>(JUDGE MARIANI) |

## MEMORANDUM OPINION

### I. INTRODUCTION

Presently before the Court is a Motion to Dismiss Plaintiff Lisa Brister's Complaint (Doc. 8) filed by all Defendants, Employment Opportunity & Training Center of Northeastern Pennsylvania Inc., d/b/a Outreach Center for Community Resources ("EOTC"), Renee Arledge, Liz Ratchford, and Linda Ciampi. For the reasons stated below, the Court will deny in part and grant in part Defendants' Motion.

### II. BACKGROUND

Plaintiff brings a lawsuit against her former employer alleging discrimination as follows: Count I, a claim for unlawful discrimination and failure to accommodate under the Americans with Disabilities Act (the "ADA"), 42 U.S.C. § 12101, *et seq.*, against EOTC; Count II, a claim for violation of the Pennsylvania Human Relations Act (the "PHRA"), 43

P.S. § 952, *et seq.*, against all Defendants; Count III, a retaliation claim under Title VII of the Civil Rights Act ("Title VII"), 42 U.S.C. § 2003-3(a), against EOTC; and Count IV, an "Agency/*Respondeat Superior*" claim against EOTC. (*See generally* Doc. 1.)

### III. LEGAL STANDARD

A complaint must be dismissed under Federal Rule of Civil Procedure 12(b)(6), if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007). The plaintiff must aver "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

"Though a complaint 'does not need detailed factual allegations, . . . a formulaic recitation of the elements of a cause of action will not do.'" *DelRio-Mocci v. Connolly Prop. Inc.*, 672 F.3d 241, 245 (3d Cir. 2012) (citing *Twombly*, 550 U.S. at 555). In other words, "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Covington v. Int'l Ass'n of Approved Basketball Officials*, 710 F.3d 114, 118 (3d Cir. 2013) (internal citations and quotation marks omitted). A court "take[s] as true all the factual allegations in the Complaint and the reasonable inferences that can be drawn from those facts, but . . . disregard[s] legal conclusions and threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Ethypharm S.A. France v. Abbott Laboratories*, 707 F.3d 223, 231 n.14 (3d Cir. 2013) (internal citations and quotation marks omitted).

2

> *Twombly* and *Iqbal* require [a district court] to take the following three steps to determine the sufficiency of a complaint: First, the court must take note of the elements a plaintiff must plead to state a claim. Second, the court should identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth. Finally, where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief.

*Connelly v. Steel Valley Sch. Dist.*, 706 F.3d 209, 212 (3d Cir. 2013).

"[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not show[n]—that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (internal citations and quotation marks omitted). This "plausibility" determination will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

However, even "if a complaint is subject to Rule 12 (b)(6) dismissal, a district court must permit a curative amendment unless such an amendment would be inequitable or futile." *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 245 (3d Cir. 2008).

> [E]ven when plaintiff does not seek leave to amend his complaint after a defendant moves to dismiss it, unless the district court finds that amendment would be inequitable or futile, the court must inform the plaintiff that he or she has leave to amend the complaint within a set period of time.

*Id.*

As Defendants acknowledge in their brief, with respect to the ADA, a claim need only "be facially plausible and give fair notice to the defendants of the basis of the claim." (Doc. 9 at 4 (citing *Watson v. Dep't of Servs. for Children, Youths and Their Families Delaware*, 932 F. Supp. 2d 615, 622 (D. Del. 2013))); *see also Connelly v. Lane Const. Corp.*, 809

3

F.3d 780, 787, 791 n.8, n.9 (3d Cir. 2016) (noting that both Title VII and ADA claims need only be "facially plausible"); *Ruggiero v. Mount Nittany Med. Ctr.*, 736 F. App'x 35, 41 (3d Cir. 2018) (holding the complaint raised "plausible inferences" which, "at the pleadings stage," are "sufficient to allow the failure to accommodate claim to proceed"). Furthermore, it is well established that "a plaintiff need not establish a *prima facie* case of discrimination" at the pleadings stage. *See id.* (citing *Fowler v. UPMC Shadyside*, 578 F.3d 203, 213 (3d Cir. 2009)).

## IV. ANALYSIS

Defendants have moved to dismiss the Complaint under Federal Rule of Civil Procedure 12(b)(6), arguing that Plaintiff has failed to state sufficient facts to support these claims. (Doc. 8.) Defendants' Motion sets forth in paragraphs 1–10 their rendition of the factual assertions as pleaded in Plaintiff's Complaint. (*Id.* ¶¶ 1–10.) Defendants assert in paragraph 13 that the Complaint "must provide the Defendant with fair notice of the claim." (*Id.* ¶ 13 (first citing Fed. R. Civ. P. 8; and then citing *Twombly*, 550 U.S. at 555.) They note further that in considering a motion to dismiss, the Court "must accept as true all factual allegations." (*Id.* ¶ 14 (citing *Ericson v. Partis*, 551 U.S. 89, 94 (2007).) The remainder of Defendants' Motion is devoted to recitation of the rules for determining the sufficiency of a complaint under *Twombly* and *Iqbal*.

In paragraph 22, Defendants argue that "[i]n her Complaint, the Plaintiff identifies her physical condition as Major Depression and Generalized Anxiety Disorder and vaguely

4

contends 'Plaintiff's mental health diagnoses substantially limit[s] one or more of her major life activities.'" (Doc. 8 ¶ 22 (citing Doc. 1 ¶ 34).) In paragraphs 25–27, Defendants assert that Plaintiff has failed to plead the "threshold requirement of disability"; that her failure to accommodate claim under the ADA is insufficiently pled; and that Plaintiff makes conclusory claims that EOTC failed to accommodate her disability. (*Id.* ¶¶ 25–27.) And in paragraph 28, Defendants assert, "There are no factual allegations in Plaintiff's Complaint that, even if taken as true, can support her conclusory statement that, 'Defendant further failed to provide reasonable accommodations to Plaintiff for her disability.'" (*Id.* ¶ 28 (citing Doc. 1 ¶ 37).) In that regard, *see also* paragraphs 29–31, where Defendants seek dismissal on grounds that Plaintiff's claims of disability discrimination, failure to accommodate, and retaliation are not pleaded with sufficient specificity. (*Id.* ¶¶ 29–31.)

Plaintiff's brief in opposition argues that the "Complaint is facially plausible and gives fair notice to the defendants of the basis of the claim." (Doc. 12 at 6.) She contends the Complaint adequately alleges "enough facts to raise a reasonable expectation that discovery will reveal evidence of [the claim's] necessary element[s]." (*Id.* (citing *Connelly*, 809 F.3d at 789).)

On review of Plaintiff's Complaint, Plaintiff has more than adequately pleaded her claims under the ADA and PHRA, including unlawful discrimination and failure to accommodate. All that is required is that Plaintiff allege "enough facts to state a claim to relief that is plausible on its face." *Twombly,* 550 U.S. at 570. In cases such as this, there

are inherent in the discrimination claims issues of fact including, *inter alia*, issues of intent, the existence of good faith in efforts to accommodate, and issues regarding whether Plaintiff can perform the essential functions of her job, with or without accommodations. These issues are not susceptible to resolution on a motion to dismiss a sufficiently pleaded complaint, which this Court finds accurately describes Plaintiff's Complaint. Plaintiff has adequately pleaded Counts I and II, for discrimination and failure to accommodate in violation of the ADA and the PHRA. Defendant's Motion will be denied with respect to these counts.

The Court will dismiss Count III, for retaliation under Title VII, because Plaintiff has not sufficiently alleged that Defendants engaged in any form of discrimination that is protected by Title VII. As the Third Circuit has explained, "To be protected from retaliation under Title VII, the protected activity must relate to employment discrimination charges brought under that statute, implicating 'discrimination on the basis of race, color, religion, sex, or national origin.'" *Connelly*, 809 F.3d at 792 n.10. Plaintiff's Complaint does not raise a plausible inference that Defendants discriminated against her on any of the bases for discrimination made unlawful by Title VII. Nor does Plaintiff's Complaint assert a cause of action for retaliation under the ADA. Therefore, Plaintiff fails to state a claim for retaliation upon which relief can be granted.

The Court will also dismiss Count IV, for "Agency/*Respondeat Superior*," as *respondeat superior* is not a stand-alone cause of action, but instead a theory of liability.

*See Olschefski v. Red Lion Area Sch. Dist.*, No. 1:12-CV-871, 2012 WL 6003620, at *6 (M.D. Pa. Nov. 30, 2012). Plaintiff remains free to assert this theory of liability, but it is not an independent claim upon which relief can be granted.

## V. CONCLUSION

For the aforementioned reasons, the Court will deny Defendant's Motion (Doc. 8) with respect to Counts I and II, and will grant the Motion with respect to Counts III and IV. A separate order follows.

Robert D. Mariani
United States District Judge